# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| WILLIE JAMES BENNETT, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:06-CV-133 (CDL) |
| | * | 28 U.S.C. § 2254 |
| CYNTHIA M. NELSON, Warden, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. On July 14, 1971, Petitioner Bennett, who is currently serving his sentence in the Autry State Prison in Pelham, Georgia, was convicted of murder and armed robbery and was sentenced to serve life in prison. Respondent contends that, to the best of her knowledge, Petitioner did not file a direct appeal of his convictions. On August 6, 2004, the Petitioner filed a state habeas corpus petition which, after an evidentiary hearing on November 12, 2004, was denied on May 4, 2006. Petitioner thereafter filed in the Georgia Supreme Court a certificate of probable cause to appeal which was denied on October 31, 2006. On November 16, 2006, Petitioner filed the current application for federal habeas relief. The Respondent thereafter filed her Answer and Motion to Dismiss on January 22, 2007.

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas

petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes final." *Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has

2

> expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent contends that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Pursuant to O.C.G.A. § 5-6-38, Petitioner had thirty days from the date of his conviction in which to file a notice of appeal. Petitioner was convicted and was sentenced on July 14, 1971, and thus, had until August 13, 1971, to file a notice of appeal. No direct appeal appears to have been filed. Under any circumstances, however, the AEDPA statute of limitations, enacted on April 24, 1996, permitted only one year within which Petitioner Bennett might have timely filed an application for federal habeas corpus review pursuant to 28 U.S.C. § 2254. The Eleventh Circuit Court of Appeals recognized in *Wilcox v. Florida Dept. of Corrections*, 158 F. 3d 1209 (11th Cir 1998), that all state prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, would be given a reasonable time after the enactment of the one-year period of limitation to file their federal habeas actions, and "under those circumstances, a reasonable period is until April 23, 1997," one year from the date of enactment. *Id*. at 1211. Petitioner's window of opportunity to file a § 2254 application in this court, therefore, began on April 24, 1996 and expired on April 23, 1997, prior to the time he filed his state habeas petition. His state habeas petition

filed on August 6, 2004, therefore followed the expiration of the AEDPA statute of limitations by more than seven years.

The Eleventh Circuit Court of Appeals has held that "[a] state court petition that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000); *see Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001) (prisoner's motion for post-conviction relief in state court, filed one year and four months after judgment of robbery conviction became final, did not toll the one year limitation of the AEDPA, and such limitation did not violate the *Suspension Clause*.)

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 5th day of March 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw

4